UNITED STATES MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISON

DAVID MUNRO,

     Plaintiff,                              CASE NO.

v.

COBBLESTONE II OGR, LLC.,
d/b/a ORANGE GROVE HOME
& RV PARK.

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## (INJUNCTIVE RELIEF SOUGHT)

COMES NOW, Plaintiff, DAVID MUNRO, by and through undersigned counsel and sued the Defendant, COBBLESTONE II OGR, LLC, d/b/a ORANGE GROVE HOME & RV PARK, and states:

### PARTIES

1.    Plaintiff, DAVID MUNRO, is an individual with mobility impairments and otherwise a person with a disability and is a resident of Lee County, Florida.

2.    Upon information and belief, Defendant COBBLETSTONE II OGR, LLC is a Florida limited liability company organized and existing under the laws of Florida, with its principal place of business located at Oakbrook Terrace, Illinois.

3.    Defendant owns, operates, and/or controls Orange Grove Home & RV Park in Fort Myers, Florida, a 55+ RV and Home Community, located at 647 Nuna Avenue, Ft. Myers, Florida 33905 (the "Facility").

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Americans with Disabilities Act and 42 U.S.C. § 12101 *et seq*.

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(4), which authorizes actions to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because the Defendant conducts business in this judicial district.

7.      This Court has personal jurisdiction over Defendant because Defendant owns, operates, leases, and/or controls a place of public accommodation within this district, conducts business in this district, and has committed acts giving rise to this action within this district.

## GENERAL ALLEGATIONS

8.      The Facility is a 55+ RV and home community built in 1964, consisting of 131 sites.

9.      The Facility offers daily, weekly, and monthly short-term rental stays, placing it in the resort category.

10.    The Facility is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7), including but not limited to a place of lodging, place of recreation, and place of exercise.

11.    On April 20, 2026, Susan Berry Design, Inc., an ADA architectural barriers consulting service, conducted a comprehensive accessibility review of the Facility pursuant to the 2010 ADA Standards for Accessible Design and the 2012–2026 Florida Accessibility Code for Building Construction.

12.    The consultant's report, dated May 18, 2026, identified numerous violations of the Americans with Disabilities Act and applicable accessibility codes throughout the Facility.

13.    The Facility does not provide a safe, connected, solid ground surface accessible route with an accessible pedestrian gate that does not involve using the traffic-way for a person with a disability to arrive from or access the public street and public transportation stops.

14.    There are no public sidewalks provided within the Facility.

15.    The Facility fails to provide accessible site arrival points from public streets and public transportation stops in violation of the 2010 ADA Standards and 2023 Florida Accessibility Code Section 206.1.

16.    The Facility fails to provide an accessible entrance gate with accessible keypad hardware and approach on an accessible pedestrian route at the north gate entrance on both sides.

17.     The Facility fails to provide ADA-compliant accessible parking stall and access aisle striping and markings at several parking stalls throughout the property in violation of Sections 502.1, 502.2, 502.3, 502.3.3, and 502.6.1 of the 2010 ADA Standards.

18.     The Facility fails to provide ADA-compliant accessible parking stall and access aisle width clearance at several parking stalls throughout the property in violation of Sections 502.1 and 502.3.1 of the 2010 ADA Standards.

19.     The Facility fails to provide ADA-compliant access aisles that do not compel wheeling and/or walking behind another parked vehicle in violation of Section 502.3 of the 2010 ADA Standards.

20.     The Facility fails to provide ADA-compliant accessible parking stall signage with "parking by disabled permit only," the international symbol of accessibility, and $250 penalty mounted 60 inches minimum to the lowest edge and centered on the accessible parking space at all parking stalls throughout the property in violation of Sections 502.6 and 502.6.1 of the 2010 ADA Standards.

21.     The Facility fails to provide high color-contrasting detectable warning panels wherever the pedestrian-way enters the traffic-way in violation of Sections 408.8 and 705 of the 2010 ADA Standards.

22.     The Facility fails to provide ADA-compliant accessible routes of travel leading to all accessible facility and amenity entrances with adjacent amenities, accessible parking spaces, and community streets throughout the community in

violation of Sections 402, 402.1, 402.2, 403.2, 403.3, 403.4, 403.5, 403.5.1, 403.5.2, 403.5.3, 208.3.1, 304.2, 302.1, 303.2, and 303.3 of the 2010 ADA Standards.

23. The Facility fails to provide accessible running-slope ramps with accessible handrails with top and bottom extensions at both sides and accessible dimensioned clear top and bottom landings with turning space at main accessible route entrances and egress doors in violation of Sections 302, 405.2, 405.3, 405.6, 405.4, 405.5, 405.7, 405.8, 405.9, and 405.10 of the 2010 ADA Standards.

24. The Facility fails to provide ADA-compliant accessible route of travel interior and exterior ground surfaces leading to all accessible facility and amenity doors and gates throughout the community in violation of Sections 302.1, 302.2, 303.1, and 303.2 of the 2010 ADA Standards.

25. The Facility fails to provide doors with clear opening dimensions, closures with accessible opening pressure and closing speed, accessible hardware, and accessible doorstops in all accessible restrooms throughout the community in violation of Sections 309.4, 404.2, 404.2.3, 404.2.2, 404.2.4, 404.2.7, 404.2.8, 404.2.9, 404.2.10, and 404.2.11 of the 2010 ADA Standards.

26. The Facility fails to provide doors with forward push and pull clear door maneuvering space at all required accessible doors and gates throughout the community in violation of Sections 404.2, 404.2.4.1, 404.2.3, and 404.2.6 of the 2010 ADA Standards.

27.     The Facility fails to provide ADA-compliant directional signs to accessible restrooms mounted to ADA dimensions, locations, and braille, sign details, international symbol of accessibility, and raised character requirements in violation of Sections 216, 216.2, 216.6, 216.8, 703, 703.1, 703.2, 703.5, 703.7.2.1, 703.4.1, and 703.4.2 of the 2010 ADA Standards.

28.     The Facility fails to provide ADA space identification signs at all exits, rooms, openings, and accessible restroom directional signs for people with disabilities to access all community amenity doors and gates in violation of Sections 216, 216.2, 216.6, 216.8, 703, 703.1, 703.2, 703.5, 703.7.2.1, 703.4.1, and 703.4.2 of the 2010 ADA Standards.

29.     The Facility fails to provide an accessible pool deck solid ground surface with 1:48 or 2% maximum cross slope and clear turning space in violation of Sections 227.3, 306.1, 403.5.2, and 405.3 of the 2010 ADA Standards.

30.     The Facility fails to provide pool access with an accessible pool lift that is securely located at the pool at all times that the pool is open in violation of Sections 1009.1, 1009.2.1, 1009.2.2, 1009.2.3, 1009.2.4, 1009.2.6, 1009.2.7, 1009.2.8, and 1009.2.9 of the 2010 ADA Standards.

31.     The Facility fails to provide accessible drinking fountains at the pool or anywhere in the community in violation of Sections 211, 211.1, 211.2, 602, 602.1, 602.2, 602.3, 602.4, 602.5, 602.6, 305.5, 305.7.1, 305.4, and 609.4 of the 2010 ADA Standards.

32.	The Facility fails to provide ADA-compliant side and rear grab bar dimensions and location in all restrooms throughout the community in violation of Sections 609.1, 609.2, 609.2.1, 609.2.2, 609.3, 609.4, 609.5, 609.6, 609.7, 609.8, 604.8.1.6, 604.8.1.5, 604.5.1, 604.8.2.3, 604.9.4, 604.5, and 604.5.2 of the 2010 ADA Standards.

33.	The Facility fails to provide ADA-compliant accessible transfer shower dimensions and location in all restrooms throughout the community in violation of Sections 608.2, 608.2.1, and 608.7 of the 2010 ADA Standards.

34.	The Facility fails to provide ADA-compliant accessible transfer shower dimensions, controls, and handheld shower in all restrooms throughout the community in violation of Sections 607.6, 608.5, 608.2.1, 608.5.1, and 309.4 of the 2010 ADA Standards.

35.	The Facility fails to provide ADA-compliant accessible transfer shower permanently secured fold-down bench in all restrooms throughout the community in violation of Sections 608.2.1, 608.4, 610.3, 610.3.1, 610.3.2, and 610.4 of the 2010 ADA Standards.

36.	The Facility fails to provide ADA-compliant accessible transfer shower grab bars in all restrooms throughout the community in violation of Sections 608.3, 608.3.1, 609.1, 609.2, 609.2.1, 609.2.2, 609.3, 609.4, 609.5, 609.6, 609.7, and 609.8 of the 2010 ADA Standards.

## COUNT I — DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12182(a)

37.   Plaintiff incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38.   The Facility is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7).

39.   Defendant owns, operates, leases, and/or controls the Facility.

40.   Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102.

41.   Title III of the Americans with Disabilities Act prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.

42.   Discrimination includes failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities where such removal is readily achievable.

43.   Discrimination includes, where an entity can demonstrate that the removal of a barrier is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

44.    Discrimination includes the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.

45.    Discrimination includes a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

46.    Discrimination includes failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

47.    Defendant has discriminated against Plaintiff and other individuals with disabilities by maintaining architectural barriers and failing to remove such barriers where removal is readily achievable, including but not limited to the barriers identified in paragraphs 12 through 36.

48.    Defendant has discriminated against Plaintiff and other individuals with disabilities by failing to make its goods, services, facilities, privileges, advantages, and accommodations available through alternative methods where barrier removal is not readily achievable.

49.    Defendant has discriminated against Plaintiff and other individuals with disabilities by failing to make reasonable modifications in policies, practices, or procedures necessary to afford full and equal access to the Facility.

50.    As a result of the architectural barriers and accessibility violations described above, Plaintiff has been denied full and equal access to the Facility's services, facilities, and accommodations and has encountered barriers that denied and limited Plaintiff's access.

51.    Plaintiff has been and continues to be injured by Defendant's failure to remove architectural barriers and provide reasonable modifications as required by the ADA.

52.    Plaintiff intends to continue residing at the Facility and will continue to be injured by Defendant's discriminatory conduct unless the violations are remedied.

53.    As a direct and proximate result of Defendant's violations of 42 U.S.C. § 12182(a), Plaintiff has been denied full and equal access to the Facility and has suffered injury including denial of the benefits of the Facility.

54.    Defendant's violations of 42 U.S.C. § 12182(a) are ongoing and continuous.

55.    Unless enjoined by this Court, Defendant will continue to discriminate against Plaintiff and other individuals with disabilities in violation of the ADA.

WHEREFORE, Plaintiff, DAVID MUNRO, demands judgment against Defendant, COBBLESTONE II OGR, LLC, declaring that the actions of Defendant violated, *inter alia*, 42 U.S.C. § 12101 *et seq.*, and awarding Plaintiff compensatory damages, attorney's fees and costs, as well as any other such relief this Court deems fair, just, and equitable.

## COUNT II — DISCRIMINATION IN NEW CONSTRUCTION AND ALTERATIONS IN VIOLATION OF 42 U.S.C. § 12183

56.    Plaintiff incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

57.    With respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, discrimination for purposes of 42 U.S.C. § 12182(a) includes a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

58.    Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking

fountains serving the altered area are readily accessible to and usable by individuals with disabilities.

59.    Upon information and belief, Defendant has undertaken alterations to the Facility or portions thereof that affect or could affect the usability of the Facility or portions thereof.

60.    Defendant has failed to make such alterations in a manner that, to the maximum extent feasible, makes the altered portions of the Facility readily accessible to and usable by individuals with disabilities.

61.    As a direct and proximate result of Defendant's violations of 42 U.S.C. § 12183, Plaintiff has been denied full and equal access to the Facility and has suffered injury including loss of use and denial of the benefits of the Facility.

62.    Defendant's violations of 42 U.S.C. § 12183 are ongoing and continuous.

63.    Unless enjoined by this Court, Defendant will continue to discriminate against Plaintiff and other individuals with disabilities in violation of the ADA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant and grant the following relief:

a) A declaratory judgment that Defendant's policies, practices, and physical barriers violate Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq;

b) A permanent injunction requiring Defendant to remove all architectural barriers at the Facility to the extent such removal is readily achievable, and where not readily achievable, to make the Facility's services, facilities, and accommodations available through alternative methods that are readily achievable, all in compliance with the requirements of Title III of the ADA, the 2010 ADA Standards for Accessible Design, and applicable regulations;

c) An injunction requiring Defendant to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by Title III of the ADA;

d) An order requiring Defendant to submit to the Court and to Plaintiff a detailed plan describing the methods by which Defendant will bring the Facility into compliance with Title III of the ADA and the 2010 ADA Standards for Accessible Design;

e) An award of compensatory damages to Plaintiff as would fully compensate him for Defendant's discriminatory conduct;

f) An award of reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205;

g) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2026, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

BURANDT, ADAMSKI, FEICHTHALER
& SANCHEZ, PLLC
*Attorneys for Plaintiff*
1714 Cape Coral Parkway East
Cape Coral, Florida 33904
Phone: (239) 542-4733 / Fax: (239) 542-9203

BY: */s/ David W. Holley*
David W. Holley, Esq.
Florida Bar No. 125973
Service Email: David@capecoralattorney.com
                Dee@capecoralattorney.com
                Burandtlaw@capecoralattorney.com